UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BASF CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>COLOR COAT RESTORATION, INC., *et al.*,<br><br>Defendants. | Case No. 1:24-cv-00614-JLT-CDB<br><br>ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PLAINTIFF'S FAILURE TO PROSECUTE THIS ACTION AND TO COMPLY WITH THE COURT'S ORDERS<br><br>ORDER CONTINUING THE MANDATORY SCHEDULING CONFERENCE<br><br>ORDER DIRECTING PLAINTIFF TO EFFECT SERVICE OF THIS ORDER AND TO FILE PROOF OF SERVICE<br><br>**<u>FIVE-DAY DEADLINE</u>** |

Plaintiff BASF Corporation ("Plaintiff") initiated this action with the filing of a complaint on May 22, 2024. (Doc. 1). That same day, the Clerk of the Court issued summonses and the Court entered an order setting a mandatory scheduling conference on August 20, 2024. (Docs. 4-5). The Court's order directed Plaintiff to "diligently pursue service of summons and complaint" and "promptly file proofs of service." (Doc. 5 at 1). The order further advised Plaintiff that failure to diligently prosecute this action "may result in the imposition of sanctions, including the dismissal of unserved defendants." *Id*. To date, Plaintiff has not filed proofs of

service, and no Defendant has appeared in the action.

The Court's order setting mandatory scheduling conference separately required the parties to file a joint scheduling report one week prior to the scheduling conference (*e.g.*, no later than August 13, 2024).  (Doc. 5 at 2).  Plaintiff has failed to timely file a joint scheduling report.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions…within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).

In addition, Rule 4(m) of the Federal Rules of Civil Procedure provides:  "If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  Absent a showing of good cause, failure to comply with Rule 4(m) requires dismissal of any unserved defendant.

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that within five (5) days of entry of this order, Plaintiff SHALL show cause in writing why sanctions should not be imposed – including dismissal of unserved Defendants or this action in its entirety – for Plaintiff's failure to prosecute, to serve the summonses and complaint in a timely manner, and to timely file a joint scheduling report.  Filing summonses returned executed following entry of this order WILL NOT relieve Plaintiff of its obligation to respond to this order in writing.

IT IS FURTHER ORDERED that the scheduling conference previously set for August 20, 2024, is CONTINUED to October 2, 2024 at 9:30 a.m.

///

///

///

///

///

2

And IT IS FURTHER ORDERED that Plaintiff shall serve a copy of this order on Defendants within five (5) days of entry of this order and promptly file proof of service thereof.

Any failure by Plaintiff to timely respond to this order to show cause will result in the imposition of sanctions, including a recommendation to dismiss this action.

IT IS SO ORDERED.

Dated: __**August 14, 2024**__                  _____
UNITED STATES MAGISTRATE JUDGE